UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIX STAR, INC., a Florida corporation,

     Plaintiff,

                              CASE NO.:  6:20-cv-00613____

vs.

TRUECAR, INC., a Delaware corporation,
a/k/a TRUECAR FLORIDA, INC.,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### (Injunctive Relief Sought)

     Plaintiff, SIX STAR, INC. ("Plaintiff"), a Florida corporation, sues Defendant,

TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC. ("Defendant"),

and in support states the following:

## PARTIES

     1.     Plaintiff is a Florida corporation with its principal place of business at 1011

North Wymore Road, Winter Park, Florida, 32789.  Plaintiff, through its affiliated and related

companies, is engaged in, among other services, the business of automobile sales and leasing.

     2.     On information and belief, Defendant is a Delaware corporation with its

principal place of business at 120 Broadway, Suite 200, Santa Monica, California 90401 and

is in the business of providing automobile pricing information, automobile buying and selling

advice, and providing other services related to purchases and leasing of automobiles in this

District.

## JURISDICTION AND VENUE

3.　　This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338 in that these claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq., and has pendant

jurisdiction under 28 U.S.C. § 1367(a) over the related state law claims.

4.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a

substantial portion of the events giving rise to the claims herein alleged occurred in this judicial

district, and, upon information and belief, Defendant conducts business in, and/or resides in,

and otherwise have substantial contacts within, the Middle District of Florida.

## FACTS COMMON TO ALL COUNTS

5.　　Plaintiff is a nationally known supplier of high-quality automobile sales and

leasing services in Orange, Seminole, and other Florida counties. Plaintiff promotes and sells

its automobile sales and leasing under the trademark BUY SMART, BE HAPPY (the "Mark")

throughout Florida, the United States, and internationally.

6.　　Since at least as early as September, 2009, Plaintiff has used the BUY SMART,

BE HAPPY Mark and retains all legal rights and remedies associated with the Mark.

7.　　In recognition of Plaintiff's exclusive rights to use the BUY SMART, BE

HAPPY Mark in commerce in the United States, the United States Patent and Trademark

Office has issued the BUY SMART, BE HAPPY trademark registration, Registration No.

3786152, which trademark is incontestable.  A true and correct copy of the federal registration

is attached hereto as **Exhibit "A."**

8.　　Plaintiff and its affiliated companies have used the Mark for automobiles,

advertising agencies, namely, promoting the services of automobiles through the distribution

of printed materials, TV visuals/audio/copy, radio audio/copy and digital online copy/video/visuals and by rendering sales promotion advice; Arranging and conducting trade show exhibitions in the field of automobiles; Automobile dealerships; Marketing and advertising services for automobile dealerships; Providing information about automobiles for sale by means of the Internet; Leasing of automobiles; and Providing information about automobiles for lease by means of the Internet, among other services, substantially and continuously, since at least as early as September, 2009, and long prior to the infringing use of the similar trademark BUY SMARTER DRIVE HAPPIER by Defendant.

9.      Since adopting its Mark BUY SMART, BE HAPPY, Plaintiff has spent significant sums to advertise and promote the Mark and has achieved significant commercial success throughout the United States.  In fact, it is through Plaintiff's and its affiliated companies' efforts that BUY SMART, BE HAPPY is a well-known brand that is consistently and continuously supported by singing (aka a jingle) in radio and TV, dedicated logos on TV, and digital and sales promotional materials in tv and radio commercials, and Plaintiff and its dealerships have become known as the source of automobile sales and leasing due to Plaintiff's coined term BUY SMART, BE HAPPY for its automobile sales and leasing which are now known nationwide and elsewhere.

10.     Through its longstanding use and registration of the Mark and its unique negotiation-free sales experience for consumers, including but not limited to its commission-free sales associates and 5-day/300-mile return policy, Plaintiff has acquired valuable trademark rights in the Mark for a variety of goods and services, and the Mark is widely recognized by consumers as being associated with the high quality automobile sales and

leasing services offered by Plaintiff in Orange and Seminole Counties and throughout Florida and the United States.

11.     Plaintiff has spent tens of millions of dollars advertising and promoting the BUY SMART, BE HAPPY Mark and its auto sales and leasing services.  Its marketing efforts include but are not limited to print, direct mail, e-mail marketing blasts, billboards, radio, television, internet, digital and social media, newspaper, magazine, sponsorships, vehicle displays and outdoor advertising, and point-of-sale materials.

12.     Plaintiff also promotes its automobile sales and services through interactive websites located at domain names such as www.audinorthorlando.com, www.classicmazda.com, www.classichonda.com, www.mazdalakeland.com, www.hollerclassic.com, www.hollerhonda.com, www.hollerhyundai.com, www.genesisnorthorlando.com, www.driversmartusa.com, and www.classichonda.com.  The websites offer detailed information, maps, and contact information regarding the various BUY SMART, BE HAPPY automobile dealerships and related services, as well as vehicles for sale or lease.

13.     Through Six Star, Inc., and its related and predecessor companies, Plaintiff has been engaged in the sale and leasing of automobiles and related services since at least as early as 1938.  Used car sales services comprise approximately ½ of Plaintiff's annual retail sales volume are thus a critical component of the various services that Plaintiff and its subsidiaries and related companies offer to the public.

14.     Plaintiff advertises new and used automobiles for sale and for lease on its websites which predominantly display the Mark, BUY SMART BE HAPPY.  Visitors to the

sites are provided with detailed descriptions and images of available vehicles by price range, as well as contact information for obtaining further information about automobile pricing, purchasing and leasing and to schedule test drives.

15.     Plaintiff's Mark, BUY SMART, BE HAPPY, through its widespread and long-term use, has acquired distinctiveness and has achieved secondary meaning in consumers' minds as to the source of Plaintiff's goods and services and the Mark has become famous.

16.     Through widespread and favorable public acceptance and recognition, Plaintiff's Mark is an asset of substantial value to Plaintiff as a symbol of its quality services and goodwill.

17.     Plaintiff's Registration No. 3786152 for BUY SMART, BE HAPPY has been on the Principal Register for more than five (5) years and has become incontestable pursuant to 15 U.S.C. § 1065**.**

## DEFENDANT'S INFRINGING USES

18.     Defendant is not only a direct competitor of Plaintiff, but also a vendor of Plaintiff, providing lead information and advertising services to Plaintiff in the Middle District of Florida.

19.     Defendant offers identical automobile pricing, buying and selling services while using its confusingly similar mark, BUY SMARTER DRIVE HAPPIER, which is likely to cause considerable confusion to the public and damage to the Plaintiff.

20.     Defendant incorporates into its confusingly similar slogan 3 of the 4 words in Plaintiff's BUY SMART BE HAPPY Mark.  In addition, Defendant adds "er" to each of

Plaintiff's SMART and HAPPY components, all used in the same order as Plaintiff, to create a superlative to Plaintiff's Mark.

21.     Plaintiff's counsel sent Defendant a cease-and-desist letter on February 18, 2020, advising it of Plaintiff's trademark rights, putting it on notice of those rights, and demanding that it cease all infringing activity. A copy of that letter is attached hereto as **Exhibit "B."**

22.     Counsel for the parties have exchanged additional letters but Defendant did not agree to cease its infringing use of its confusingly similar BUY SMARTER DRIVE HAPPIER mark.

23.     Despite Plaintiff's previously stated objection and Defendant being put on notice of Plaintiff's trademark rights in the Mark, Defendant continued its use of BUY SMARTER DRIVE HAPPIER in its advertising and online videos.

24.     Defendant's use of BUY SMARTER DRIVE HAPPIER is confusingly similar to Plaintiff's BUY SMART BE HAPPY Mark, and consumers may assume an affiliation with, or endorsement by, Plaintiff where none exists.  This is made even more likely due to the fact that Defendant is a vendor of Plaintiff.

25.     Defendant's infringing actions are deliberate, wanton, and willful because Defendant is acting with full knowledge of Plaintiff's prior established rights and federal registration for the Mark, BUY SMART, BE HAPPY, for Automobiles, Advertising agencies, namely, promoting the services of automobiles through the distribution of printed and audio promotional materials and by rendering sales promotion advice; Arranging and conducting trade show exhibitions in the field of automobiles; Automobile dealerships; Marketing and

advertising services for automobile dealerships; Providing information about automobiles for sale by means of the Internet; Leasing of automobiles; and Providing information about automobiles for lease by mean of the Internet, because Defendant is a vendor of, and provides services to, Plaintiff in the Middle District of Florida.

26.     Defendant is aware of the fame of Plaintiff's Mark and Defendant began using its similar trademark long after Plaintiff's Mark became famous.

27.     Defendant is a direct competitor of Plaintiff and advertises to residents and visitors of the geographic locations where Plaintiff's automobile dealerships are located and nationwide.

28.     Due to the similarities between BUY SMART, BE HAPPY and BUY SMARTER DRIVE HAPPIER and their respective trade channels of advertising to consumers interested in purchasing or leasing automobiles promoted on the internet and elsewhere, the uses are confusingly similar.

29.     Since Defendant's website www.truecar.com and its advertising materials use BUY SMARTER DRIVE HAPPIER predominantly for competing services, consumers and potential consumers of Plaintiff's goods and services are likely to encounter Defendant's similar trademark and be confused as to source or sponsorship.

30.     Defendant's actions are likely to cause confusion, mistake, or deception as to Defendant's good and services and the source of the goods and services, and are likely to falsely suggest a sponsorship, connection, license, or association between such services and Plaintiff's automobile dealerships and services by virtue of the above, and/or will direct or has

directed windfall profits to Defendant due to the confusion caused by Defendant's use of a trademark similar to the Mark.

31.     To date, Defendant has refused to discontinue use of the confusingly similar trademark.

32.     Defendant's use of a trademark similar to Plaintiff's notorious and famous Mark BUY SMART, BE HAPPY is likely to cause confusion as to the source of Defendant's services, especially since the services of Defendant are offered online nationwide as are Plaintiff's services.

33.     Defendant's use of a trademark similar to Plaintiff's famous Mark is likely to cause dilution to Plaintiff's famous Mark and constitutes false advertising and unfair competition.

34.     Defendant's adoption and use of its confusingly similar mark to Plaintiff's Mark is an obvious attempt at copying Plaintiff's business strategies and an attempt at lifting Plaintiff's imprint on the relevant market by trading off the goodwill Plaintiff has spent years generating.

35.     Plaintiff has retained the law firm of Latham, Luna, Eden & Beaudine, LLP to enforce its rights in this matter, and it has agreed to pay said firm a reasonable attorneys' fee for their services herein.

36.     All conditions precedent to the filing and maintenance of this action have been performed, waived, or excused.

8

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

37.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

38.     Defendant has reproduced, copied, or imitated Plaintiff's federally registered Mark, BUY SMART, BE HAPPY, in commerce by selling, offering for sale, and advertising its services in connection with the identical services using BUY SMARTER DRIVE HAPPIER.

39.     Defendant's use of the Mark in connection with providing automobile pricing, buying and selling services is likely to cause confusion, mistake, or deception of the public as to the origin, sponsorship, or approval of these services.

40.     Defendant's intentional and deliberate actions constitute willful infringement of Plaintiff's federally registered Mark listed in this Complaint in violation of 15 U.S.C. § 1114(1).

41.     By reason of Defendant's conduct, Plaintiff has been damaged.

42.     Defendant's conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to Defendant's profit and Plaintiff's damage.

43.     Defendant's conduct in violation of 15 U.S.C. § 1114(1) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered BUY SMART, BE HAPPY Mark.

44.     The threatened continued injury to Plaintiff outweighs whatever damage a proposed injunction may cause Defendant, because Defendant has no legitimate interest in the continued use of service marks similar to Plaintiff's and a permanent injunction will merely enjoin Defendant from conducting business in a manner already prohibited by law.

45.     The public interest will be furthered by the granting of a permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)     An Order enjoining all infringing use by Defendant of Plaintiff's Mark and marks confusingly similar thereto, including BUY SMARTER DRIVE HAPPIER;

(b)     An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the mark containing BUY SMARTER DRIVE HAPPIER;

(c)     An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition and other wrongful acts;

(d)     All remedies permitted by 15 U.S.C. § 1117, including but not limited to, recovery of Defendant's profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)      Such other and further relief as the Court may deem just and proper.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND FEDERAL FALSE ADVERTISING
## 15 U.S.C. § 1125

46.      Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

47.      Defendant's actions in adopting a trademark that is confusingly similar to Plaintiff's are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant and the services offered by Defendant using its Mark, and thus constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.      Defendant's actions also constitute false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of Defendant's services, in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(B).

49.      As a result of Defendant's conduct, Plaintiff has been damaged.

50.      Defendant's conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to Defendant's profit and Plaintiff's damage.

51.      Defendant's conduct in violation of 15 U.S.C. § 1125 has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered BUY SMART, BE HAPPY Mark.

52.    The threatened continued injury to Plaintiff outweighs whatever damage the proposed injunction may cause Defendant, because Defendant has no legitimate interest in the continued use of service marks similar to Plaintiff's and a permanent injunction will merely enjoin Defendant from conducting business in a manner already prohibited by law.

53.    The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)    An Order enjoining all infringing use by Defendant of Plaintiff's Mark and marks confusingly similar thereto, including Defendant's use of BUY SMARTER DRIVE HAPPIER;

(b)    An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the marks containing BUY SMARTER DRIVE HAPPIER;

(c)    An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition, and other wrongful acts;

(d)    All remedies permitted by 15 U.S.C. § 1117, including but not limited to, recovery of Defendant's profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)    An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125

54.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

55.     Plaintiff's Mark has been used, advertised, and promoted extensively by Plaintiff for over 10 years and consequently is a famous mark that is distinctive and that is known throughout Florida and the United States.

56.     Defendant was aware of the fame of Plaintiff's Mark and Defendant began using the confusingly similar trademark, BUY SMARTER DRIVE HAPPIER long after Plaintiff's Mark became famous.

57.     Defendant has used the similar BUY SMARTER DRIVE HAPPIER in commerce in advertising and on its website, seen throughout Florida and the United States.

58.     Defendant's use of a trademark in commerce similar to Plaintiff's Mark for identical services is likely to cause dilution by blurring and/or by tarnishment of Plaintiff's famous Mark, in violation of 15 U.S.C. § 1125(c) and such dilution will continue and worsen unless enjoined by the Court.

59.     As a result of Defendant's conduct, Plaintiff has been damaged.

60.     Defendant's conduct has enabled it to earn profits to which it is not in law, equity or good conscience entitled, and has unjustly enriched it, all to Defendant's profit and Plaintiff's damage.

61.     Defendant's conduct in violation of 15 U.S.C. § 1125(c) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered BUY SMART, BE HAPPY Mark.

62.     The threatened continued injury to Plaintiff outweighs whatever damage the proposed injunction may cause  Defendant, because Defendant has no legitimate interest in the continued use of service marks similar to Plaintiff's and a permanent injunction will merely enjoin Defendant from conducting business in a manner already prohibited by law.

63.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)     An Order enjoining all infringing use by Defendant of Plaintiff's Mark and marks confusingly similar thereto, including Defendant's use of BUY SMARTER DRIVE HAPPIER;

(b)     An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the marks containing BUY SMARTER DRIVE HAPPIER;

(c)     An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition and other wrongful acts;

(d)      All remedies permitted by 15 U.S.C. § 1117 and 1125(c), including, but not limited to, recovery of Defendant's profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)      An award of pre-judgment and post-judgment interest; and

(f)      Such other and further relief as the Court may deem just and proper.

### COUNT IV
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER COMMON LAW

64.      Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

65.      Defendant has reproduced, copied, or imitated Plaintiff's registered Mark, BUY SMART, BE HAPPY, in commerce by selling, offering for sale, marketing, and/or advertising its services and products in connection with the similar trademark BUY SMARTER DRIVE HAPPIER and consumers are likely to be confused.

66.      The aforesaid acts of Defendant constitute common law trademark infringement, misappropriation of Plaintiff's goodwill, and unfair competition under the common law of Florida by reason of which Plaintiff has suffered and will continue to suffer irreparable injury.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)     An Order enjoining all infringing use by Defendant of Plaintiff's Mark and marks confusingly similar thereto, including Defendant's use of BUY SMARTER DRIVE HAPPIER;

(b)     An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the marks containing BUY SMARTER DRIVE HAPPIER;

(c)     An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition, and other wrongful acts;

(d)     Recovery of Defendant's profits, Plaintiff's damages, Plaintiff's reasonable attorneys' fees, the costs of this action and punitive damages;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

**COUNT V**
**UNFAIR COMPETITION IN VIOLATION OF**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

67.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

68.     Defendant knowingly and willfully reproduced, copied, or imitated Plaintiff's Mark in selling, offering for sale, marketing and/or advertising its services and products in connection with the similar trademark BUY SMARTER DRIVE HAPPIER.

69.     Defendant's conduct constitutes unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its business, in violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes (2019).

70.     By reason of Defendant's conduct, Plaintiff has been damaged.

71.     Defendant's conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to Defendant's profit and Plaintiff's damage.

72.     Defendant's conduct has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered BUY SMART, BE HAPPY Mark.

73.     The threatened continued injury to Plaintiff outweighs whatever damage the proposed injunction may cause Defendant, because Defendant has no legitimate interest in the continued use of service marks similar to Plaintiff's and a permanent injunction will merely enjoin Defendant from conducting business in a manner already prohibited by law.

74.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)     An Order enjoining all infringing use by Defendant of Plaintiff's Mark and marks confusingly similar thereto, including Defendant's use of BUY SMARTER DRIVE HAPPIER;

(b)     An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the marks containing BUY SMARTER DRIVE HAPPIER;

(c)     An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition and other wrongful acts;

(d)     All remedies permitted by Sections 501.207, 501.2105 and 501.211, Florida Statutes (2019), including, but not limited to, recovery of Defendant's profits, Plaintiff's damages, Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)      Such other and further relief as the Court may deem just and proper.

## COUNT VI
## DILUTION UNDER § 495.151, FLORIDA STATUTES

75.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 36 above as if fully set forth herein.

76.     Plaintiff's Mark has been used, advertised, and promoted extensively by Plaintiff for over ten (10) years and consequently is a famous mark known throughout Florida and the United States.

18

77.     Defendant was aware of the fame of Plaintiff's Mark and Defendant began commercially using the confusingly similar trademark, BUY SMARTER DRIVE HAPPIER, long after Plaintiff's Mark became famous.

78.     Defendant has used the similar BUY SMARTER DRIVE HAPPIER slogan as a service mark in videos and on their website, seen throughout Florida and the United States.

79.     Defendant's willful use of trademarks similar to Plaintiff's Mark for identical services is likely to cause dilution of the distinctive quality of Plaintiff's famous Mark, in violation of Section 495.151, Florida Statutes (2019), and such dilution will continue and worsen unless enjoined by the Court.

80.     As a result of Defendant's conduct, Plaintiff has been damaged.

81.     Defendant's conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to Defendant's profit and Plaintiff's damage.

82.     Defendant's conduct in violation of Section 495.151, Florida Statutes (2019) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Plaintiff will lose control over its valuable federally registered BUY SMART, BE HAPPY Mark.

83.     The threatened continued injury to Plaintiff outweighs whatever damage the proposed injunction may cause Defendant, because Defendant has no legitimate interest in the continued use of service marks similar to Plaintiff's and a permanent injunction will merely enjoin Defendant from conducting business in a manner already prohibited by law.

84.     The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Plaintiff, SIX STAR, INC., a Florida corporation, demands judgment against Defendant TRUECAR, INC., a Delaware corporation, a/k/a TRUECAR FLORIDA, INC., and an award of relief to Plaintiff including, but not limited to, the following:

(a)     An Order enjoining all infringing use by Defendant of the Plaintiff's Mark and marks confusingly similar thereto, including Defendant's use of BUY SMARTER DRIVE HAPPIER;

(b)     An Order directing the destruction of Defendant's advertising and promotional materials and signage bearing the marks containing BUY SMARTER DRIVE HAPPIER;

(c)     An Order requiring Defendant to provide an accounting of profits, sales, and contracts made or to be made arising from Defendant's infringing use, unfair competition, and other wrongful acts;

(d)     All remedies permitted by Section 495.141, Florida Statutes (2019), including, but not limited to, recovery of Defendant's profits, Plaintiff's damages (as may be trebled), Plaintiff's reasonable attorneys' fees, and the costs of this action;

(e)     An award of pre-judgment and post-judgment interest; and

(f)     Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Dated this 9th day of April, 2020.

_____

Lori T. Milvain, Esquire
Florida Bar No. 0116660
lmilvain@lathamluna.com
Jennifer S. Eden, Esquire
Florida Bar No. 0867594
jeden@lathamluna.com
Trial Counsel
**LATHAM, LUNA, EDEN &
BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida  32801
Telephone:     (407) 481-5800
Facsimile:     (407) 481-5801